must certainly apply with more force in the present case; and the plea in bar must be sustained. Let the libel be dismissed; but the costs must be paid by the claimants: for though I cannot give salvage as a legal right, I think the actors are entitled to liberal compensation for their zealous, though mistaken endeavours to serve the owners. Whether this court could lend its aid in any other shape need not, I hope, be inquired; and I am persuaded, from the declaration made on behalf of the owners, that all further interference on my part will be unnecessary.

---

WAITE (CAMPBELL v.). See Case No. 2,-374.

---

## Case No. 17,046.

### WAITE v. TRIBLECOCK.

[5 Dill. 547;[1] 1 Cent. Law J. 570.]

Circuit Court, D. Iowa. May Term, 1874.[2]

REPLEVIN FOR PROMISSORY NOTE — EFFECT OF JUDGMENT—RES JUDICATA.

Judgment in an undefended action of replevin for a note in favor of the maker, which action was brought upon the ground that the note had been obtained by fraud, and in which only the banker having the note for the collection of interest thereon was made a defendant, was held, under the circumstances, not to bar the owner of the note (an indorsee thereof for value before maturity) from maintaining an action thereon against the maker.

The defendant [J. D. Triblecock] gave his negotiable note, secured by mortgage, for twenty per cent. of stock subscribed in the Great Western Insurance Company, of Chicago—that being the cash payment required by the company. This note and mortgage were sold and assigned by the company to the complainant [Charles B. Waite], a citizen of Illinois, before due, and, as the court decided, for value. The note was sent by the complainant to one Ellis, a banker in Iowa, for collection of interest. While in the possession of the banker for that purpose, the defendant brought an action of replevin in the state court against the banker as defendant, for the note, and, on the writ of replevin, obtained possession thereof. The ground of the replevin action was that, as the note had been obtained by fraud, the maker was entitled to its possession. The present complainant did not appear to the replevin action, nor was he made, nor did he make, himself a party to it. Judgment was given in the replevin action for the plaintiff therein. In the present bill to foreclose the mortgage, the defendant pleaded specially the judgment in the replevin action as a conclusive bar to the complainant's right to foreclose the mortgage.

Clark & Harbert, for complainant.
H. H. Trimble, for defendant.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge, in disposing of this question, said, in substance:

The special defence, that the plaintiff is concluded by the judgment in replevin in the state court, is not well founded in law. The pleadings in that case go upon the idea that the Great Western Insurance Company was the owner of the notes, and that the defendant therein, Ellis, was the agent of the company. The findings in the judgment of the state court as to Waite, the present complainant, are outside of the issues and void. Waite was the owner of the note, and the indorsement on the note so disclosed, and, if he was to be bound, should have been made a party to the replevin action. Besides, his claim of ownership to the notes was known to the plaintiff in replevin long before the cause was tried, and he refused to make Waite a party.

Ellis was in the interest of the plaintiff in that suit, and no defence in fact was made, and there was no trial on the merits as respects Waite, the real owner. Jones was employed as an attorney in the replevin suit by the insurance company, and not by Waite.

Whether the validity of the note could have been tried in an action of replevin in the manner sought, had the real owner been a party, need not be decided. The action of replevin is not one in rem, and to give jurisdiction over the person he must be a party. Ellis sustained no such relation to the note or to Waite as to make the judgment against him, which he did not defend for Waite, conclusive on him. It is res inter alios acta as to Waite.

Decree for plaintiff.

An appeal was prayed and allowed, and afterwards the decree was affirmed [unreported].

---

WAITZ (UNITED STATES v.). See Case No. 16,631.

---

## Case No. 17,047.

### In re WAITZFELDER et al.

[8 Ben. 423.][1]

District Court, S. D. New York. May, 1876.

EXAMINATION OF BANKRUPT—POWER OF REGISTER.

On a meeting of creditors in composition proceedings, while the register may fix a day before which the vote shall not be taken, he has not the power, while the debtor is under examination and the inquiries made of him are not irrelevant, to limit the inquiry, or to prescribe a time at which it must be terminated.

[In the matter of Ezekiel Waitzfelder and others, bankrupts.]

The register certified to the court, in this case, that, in the proceedings, which were in composition, and in which the first meeting was called and continued by several adjournments, several days being occupied in taking the examination of one of the debtors, he had been requested to terminate the inquiry or to state

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
2 [Affirmed by supreme court; unreported.]

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

to the examining creditor that the inquiries proposed to be submitted by him to the debtors must be concluded by a certain day; and. he gave his opinion, that, while he might fix a day before which the vote would not be taken, he had not any authority, so long as the inquiries made of the debtor under examination were not irrelevant, to limit the inquiry or to prescribe a time at which it must be terminated.

BLATCHFORD, District Judge. I concur in the views of the register.

[See Case No. 17,048.]

## Case No. 17,048.

### In re WAITZFELDER et al.

[18 N. B. R. 260.] [1]

District Court, S. D. New York. Sept. 3, 1878.

JURISDICTION IN BANKRUPTCY—COMPOSITION PROCEEDINGS—QUESTIONS OF TITLE.

The bankrupt court has no jurisdiction, under its summary power to enforce compositions, to take cognizance of and determine questions of title between the debtor and persons not parties to the proceedings; so, where composition proceedings were instituted without an adjudication and the resolution by its terms provided that upon payment of the composition all the debtor's property which he had before the commencement of the proceedings assigned for the benefit of his creditors should be restored to him, no suit having been brought to set aside such assignment, *held*, that the court had no jurisdiction to compel the voluntary assignee to deliver the property to the debtor.

[In the matter of Ezekiel Waitzfelder, Michael Waitzfelder, and Leopold Waitzfelder, bankrupts. See Case No. 17,047.]

M. H. Regensburger, for debtor.
W. T. Putney. contra.

CHOATE, District Judge. This is an application to the court under the 17th section of the act of June 20, 1874 [18 Stat. 178], for the enforcement of the terms of a composition. The statute provides: "The provisions of any composition may be enforced by the court, on motion made in a summary manner by any person interested and on reasonable notice, and any disobedience of the order of the court made on such motion shall be deemed a contempt of court." In this case the terms of the composition provided that upon payment of the composition notes the property, heretofore belonging to the alleged bankrupt, which was in the possession of an assignee holding under a voluntary assignment for the benefit of creditors executed before the filing of the petition in bankruptcy, should be restored to the debtor. Upon affidavit that all the creditors have received payment of the composition and that there are no other creditors entitled to any benefit under the voluntary assignment. and that the debtor has demanded the property. and that it has been refused. notice has been served on the voluntary assignee. citing him to appear and show cause why he should not

1 [Reprinted by permission.]

be ordered to deliver the property to the debtor. The voluntary assignee has appeared by attorney, and makes no question of the fact alleged in the petition as to the full payment of all the creditors entitled to the composition, states that he knows of no other creditor entitled under the voluntary assignment, but suggests that the court has no jurisdiction to make the order. No adjudication has been made, and no suit has been brought to set aside the voluntary assignment.

There is no decision directly in point that the court has power, under this grant of jurisdiction to enforce the terms of the composition in a summary way, to adjudicate upon the rights or obligations of parties other than the debtor or the creditors, or by its summary order direct affirmative action on the part of such third party in furtherance of the objects of the composition. It is clear that the debtor and the creditors. as parties before the court in the proceedings, and as the two parties to the agreement to be enforced, are, both for the purpose of directing their positive action and for the purpose of restraining their actions in violation of the agreement, within the jurisdiction and directing and restraining power of the court. But as to third parties the objection is that they are not parties to the proceeding, nor parties to the agreement. How, then, can they be directed by the court in a summary manner to make a certain disposition of property in their possession, in which their claim or title or interest is adverse in any respect to that of the debtor or of the creditors? Notwithstanding the use of terms in the statute which seemed to imply the power of the bankrupt court to determine in a summary manner claims of third parties adverse to the claims of the assignee in bankruptcy, a strict construction in this respect has been put upon the act by the supreme court in favor of and for the protection of the rights of third parties as against the summary jurisdiction of the bankrupt court, and the powers at first assumed and exercised in this respect have been very much narrowed and restricted, and controversies between the assignee and hostile claimants remitted to other jurisdictions provided for in the act, where their adverse rights might be determined with all the proper safeguards which are ordinarily deemed essential for the proper trial of such questions. Although the act makes no special provision for the determination otherwise of questions of right and title that may arise between third parties and the debtor or the creditors as the same are affected by composition proceedings, I think the same principle of construction applies to such a case, and that there is not enough in the provision cited above to show that such controversies were intended to be remanded into this court to be summarily disposed of under the power of enforcing a composition.

Thus a state assignee not being a party to the proceeding. holds under a conveyance which creates a trust, imposing on him rights